IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RUSSELL K. HILL, #L3506                                                    PETITIONER

VS.                                              CIVIL ACTION NO. 3:17-cv-469-DCB-LRA

STATE OF MISSISSIPPI                                                       RESPONDENT

ORDER

This matter comes before the Court on Petitioner's Motion [5] for a More Definite

Statement filed July 13, 2017.   Petitioner filed the instant civil habeas petition pursuant to 28

U.S.C. § 2241 on June 14, 2017.   The Court entered an Order [4] on June 29, 2017, directing

Petitioner to file his habeas request on AO 242 form, which included naming as the respondent

the Warden or Superintendent where he is presently incarcerated.   Petitioner states in his

Motion [5] at 4 that because the Court's Order [4] does not cite any authority requiring him to

comply with that Order [4] he is not required to file an completed AO 242 form.   For the

reasons discussed herein, the Court construes the Petitioner's Motion [5] as a request that the

Court review the Order [4] entered June 29, 2017.   *See Solsona v. Warden, F.C.I.*, 821 F.2d

1129, 1132 n.1 (5th Cir. 1987) (finding that federal courts may construe and re-characterize a *pro*

*se* prisoner action "according to the essence of the prisoner's claims, regardless of the label that

the prisoner places on his complaint").

An interlocutory order, such as the Order at issue here, "may be revised at any time before

the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."   *See*

Fed. R. Civ. P. 54(b).   Rule 54(b) provides the Court with the inherent power to "reconsider and

reverse its prior rulings on any interlocutory order 'for any reason it deems sufficient.'"   *United*

*States v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013) (quoting *Saqui v. Pride Cent. Am., LLC*, 595

F.3d 206, 210-11 (5th Cir. 2010). Such authority, however, "is exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays." *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *3 (E.D. La. Apr. 5, 2010) (citations omitted).

*The Rules Governing Section 2254 Cases in the United States District Courts* require that a petition must name as the respondent the state officer who has custody of petitioner, *see* Rule 2 (a), and must substantially follow the AO 242 form, *see* Rule 2(d). *See Reyes-Gonzalez v. Driver*, No. C05-248, 2005 WL 1669830, at *2 (S.D. Tex. 2005) (finding that "[a] district court may apply any or all the rules governing § 2254 habeas petitions to those cases filed pursuant to § 2241") (citing Rule 1(b) of the Rules Governing § 2254 Cases); *Castillo v. Pratt*, 162 F.Supp. 2d 575, 577 (N.D. Tex. 2001); *Gaitain-Capanioni v. Thornburgh*, 777 F. Supp. 1355, 1356 (E.D. Tex. 1991)). Petitioner's habeas petition does not name the state officer who has custody of Petitioner and the petition does not conform with the required form. *See* Pet. [1] at 1-4. The Court's decision in the Order [4] entered on June 29, 2017, was correct. Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion [5], which the Court has construed as a Motion to Reconsider the Order [4] entered June 29, 2017, is **DENIED.**

**IT IS FURTHER ORDERED AND ADJUDGED** that Petitioner within 30 days of the file date of this Order comply with the Order [4] entered on June 29, 2017.

Petitioner is warned that his failure to fully comply with this Order in a timely manner or failure to keep the Court informed of his current address may result in the dismissal of this cause.

SO ORDERED, this the <u>8th</u> day of August, 2017.

s/David Bramlette
UNITED STATES DISTRICT JUDGE