IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RUSSELL K. HILL, #L3506                                              PETITIONER

VERSUS                                         CIVIL ACTION NO. 3:17-cv-469-DCB-LRA

STATE OF MISSISSIPPI                                                 RESPONDENT

ORDER DENYING PETITIONER'S RULE 60(b) MOTION [15]
TO REINSTATE CIVIL ACTION

This matter is before the Court on Petitioner's Motion [15] entitled "60(b) Motion To Reinstate" filed July 17, 2018. Petitioner states that pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure this civil action should be reinstated. Pet'r's Mot. [15] at 1. Specifically, Petitioner claims that the Court lacked subject matter jurisdiction to dismiss this civil action. *Id.* Having considered Petitioner's Motion [15] and relevant case law, the Court finds Petitioner's Motion [15] is without merit.

On January 18, 2018, the Court entered a Memorandum Opinion and Order [9], Final Judgment [10], and Order Denying Certificate of Appealability [11] dismissing this civil action for Petitioner's failure to comply with the Orders of the Court. Petitioner filed a Notice of Appeal [12] to the United States Court of Appeals for the Fifth Circuit on January 29, 2018. The Fifth Circuit subsequently dismissed Petitioner's appeal for want of prosecution on March 28, 2018. J. [14] at 1.

In the instant Motion [15], Petitioner seeks relief pursuant to Rule(60)(b)(4) on the claim that the Court's judgment is void. Petitioner argues that "[t]he procedure utilized by the District Court is a[n] 'inconsistent procedure.'" Pet'r's Mot. [15] at 1. In support of his argument, Petitioner states that the Court's Orders [4, 6] directed him to file a habeas on AO 242 form and

then the Court's subsequent Orders [7, 8] directed him to file his habeas on AO 241 form. *Id*. Petitioner further states that "the District Court failed to give Hill notice or reasoning for the re-character[i]zation or reconstruction of his action. So the procedure is legally inconsistent." *Id*.

A Motion filed pursuant to Rule 60(b) will be considered in a habeas action when said Motion challenges "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)). Because the Court finds that Petitioner's Motion does not challenge the substance of the Opinion [9] and Final Judgment [10], Petitioner's Motion [15] will be considered.

"[A] judgment may be set aside under Rule 60(b)(4) when 'the district court acted in a manner so inconsistent with due process as to render the judgment void.'" *F.D.I.C. v. SLE, Inc.*, 722 F.3d 264, 270 (5th Cir. 2013) (quoting *Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204, 210 (5th Cir. 2003)). "[P]rocedural irregularities during the course of a civil case, even serious ones, will not subject the judgment to collateral attack." *Callon*, 351 F.3d at 210 (quoting *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 143 (5th Cir. 1996)). Moreover, relief obtained pursuant to Rule 60(b) "is an extraordinary remedy," and accordingly "'[i]n the interests of finality, the concept of void judgments is narrowly construed.'" *Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998) (citations omitted).

Petitioner filed the instant civil action pursuant to 28 U.S.C. § 2241 while he was incarcerated at the Central Mississippi Correctional Facility, Pearl, Mississippi, which is located in the United States District Court for the Southern District of Mississippi. The Court therefore had jurisdiction over the subject matter and the parties. *See* 28 U.S.C. § 2241(d).

Furthermore, Petitioner was given an opportunity to present his habeas petition as well as his motions [2, 5] to the Court. Petitioner was given notice of the Court's Orders [4, 6, 7, 8], and was given an opportunity to comply with the Orders [4, 6, 7, 8]. Petitioner however failed to comply with the Court's Orders [4, 6, 7, 8] or otherwise contact the Court concerning those Orders [4, 6, 7, 8] prior to this civil action being dismissed.

Petitioner's Motion [15] does not present or establish that the Court was without jurisdiction over this civil action or that it acted outside its legal powers when it dismissed the instant civil action for Petitioner's failure to comply with the Orders of the Court. Accordingly, it is

**ORDERED** that Petitioner's Motion [15] pursuant to Rule 60(b) is denied.

**SO ORDERED**, this the  17th   day of August, 2018.

 s/David Bramlette
UNITED STATES DISTRICT JUDGE